## Arthur Dixon, Appellee, v. Ruby Schwartz, Appellant.

## Gen. No. 22,852.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Arthur Dixon, plaintiff, against Ruby Schwartz, defendant, to recover on a guaranty of a lease. From a judgment for plaintiff for $2,149.75, defendant appeals.

FRANK SCHOENFELD, for appellant.

CALHOUN, LYFORD & SHEEHAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. GUARANTY—*when evidence is sufficient to show execution of before signing and delivery of lease.* Evidence *held* sufficient to sustain the finding that the guaranty of a lease was executed before the signing and delivery of the lease by the lessor, in an action to recover on such guaranty.

2. LANDLORD AND TENANT, § 443*—*when evidence is sufficient to show that lease was not canceled.* Evidence *held* sufficient to sustain the finding that the lease in question was not canceled by agreement of. the parties, in an action to recover on a guaranty of the lease.

3. GUARANTY, § 7*—*when no independent consideration is necessary.* Where a guaranty of a lease is executed before the execution and delivery of a lease by the lessor, no independent consideration is necessary.

4. SEALS, § 2*—*when presumed that each person signing instrument adopted a seal.* When a bond or other sealed instrument purports on its face to be sealed by all its signers, and there are several seals to it, but not so many as there are names, it will be presumed that each person signing it adopted some one of the seals.

5. GUARANTY, § 12*—*when is as broad as terms of lease.* A guaranty on a lease of "the payment of rent, and the performance of the covenants by the party of the second part in the within lease, covenanted and agreed, in manner and form as in said lease provided," *held* to be as broad in its terms as the lease.

6. GUARANTY, § 16*—*when obligation of guarantor becomes fixed.* The obligation of the guarantor on a lease of payment of rent and performance of the covenants by the lessee in the lease, *held* to have become fixed upon default by the lessee of which the guarantor would not be entitled to notice, the guaranty being unconditional.

7. GUARANTY, § 17*—*what is sufficient notice to guarantor of default.* Commencement of. suit on the guaranty of a lease is sufficient notice to the guarantor of the lessee's default.

8. LANDLORD AND TENANT, § 40*—*what does not constitute delivery of lease to lessee.* The handing of a lease to one of the parties to procure the signature of a guarantor thereto does not constitute a delivery thereof to the lessee, the lease not having been executed by the lessor.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. LANDLORD AND TENANT—*what does not constitute possession of premises under lease.* Possession of premises by a lessee prior to execution and delivery of a lease therefor is not under such lease so far as the lessor's rights under the lease are concerned.